David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, California 92101
Tel.: (619) 399-3995
Fax: (619) 615-2067

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTIRCT OF CALIFORNIA**

| | |
|---|---|
| INLINE UTILITIES, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL J. SCHREIBER, SCHREIBER LIVING TRUST DTD 02/08/1995<br><br>  Defendants. | CASE NO. **'20 CV0670 CAB BGS**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  (1) **SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5;**<br>  (2) **MONEY HAD AND RECEIVED, MONEY PAID, AND UNJUST UNENRICHMENT;**<br>  (3) **BREACH OF FIDUCIARY DUTY;**<br>  (4) **FRAUD;**<br>  (5) **NEGLIGENT MISREPRESENTATION.**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint

Plaintiff INLINE UTILITIES, LLC ("Plaintiff"), by and through its attorneys of record, brings this Complaint against DANIEL J. SCHREIBER ("SCHREIBER") and SCHREIBER LIVING TRUST DTD 02/08/1995 ("SCHREIBER TRUST") (collectively, "Defendants"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## I. INTRODUCTION

1. Defendant Schreiber, operating by and through his Trust and other controlled entities, had a contract with Pacific Gas & Electric ("PG&E") to provide certain utility line inspection services. Schreiber promised Plaintiff that in exchange for $700,000, Schreiber would allow Plaintiff to participate in a portion of the income stream from the PG&E contract. Defendant further promised that the PG&E revenue stream and Plaintiff's share thereof would begin to be paid in calendar year 2019. On the strength of these promises, Plaintiff, at Defendant Schreiber's direction, wired $700,000 to a bank account owned by Defendant Schreiber Trust, with a fraction going to Schreiber's attorney, again at Schreiber's direction.

2. The foregoing promises and representations were false. The revenue stream promised for 2019 never materialized and has never been accounted for by Schreiber, and no distributions were made. Nevertheless, Defendants continue to unlawfully hold and retain Plaintiff's $700,000, despite demands for its return.

3. Plaintiff brings this action alleging that these misrepresentations and false statements constitute violations of federal securities laws and state common laws, and Plaintiff seeks prompt return of the $700,000 promised investment amount, with interest, which Defendant Schreiber, operating both individually and through one or more of his controlled Trust and other entities, has unlawfully retained.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of the federal securities claims in this action pursuant to 28 U.S.C. §1331 and §27 of the Securities Exchange Act of 1934 (the "Exchange Act"), which provides that federal courts "shall have exclusive jurisdiction" over violations of [the Act] or the rules and

1   regulations thereunder…" The claims asserted herein arise under and pursuant to §§10(b) of the Exchange Act (15 U.S.C. §§78j(b)) and Rule 10(b)(5) promulgated thereunder by the SEC (17 C.F.R. §240.10b-5). This Court also has supplemental jurisdiction over Plaintiff's state common law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Section 27 of the Exchange Act provides federal district courts exclusive jurisdiction of actions brought to enforce "any liability or duty created" by the Act. Section 27 of the Exchange Act also provides that an action "to enforce any liability or duty created by this chapter or rules or regulations thereunder…may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business…" Defendant Schreiber's residency is located with this judicial district, and upon information and belief Defendant Schreiber and the Schreiber Trust operate and do business within this district.

6.  In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, telephone communications and/or e-mail communications.

### III.  THE PARTIES

**A.   Plaintiff**

7.  Plaintiff Inline Utilities, LLC ("Plaintiff") is a limited liability company formed in the State of Florida. Plaintiff provided a monetary payment in exchange for a promised investment share in Defendant Schreiber's business interests and was damaged as a result of Defendants' unlawful conduct as alleged in this Complaint.

**B.   Defendants**

8.  Defendant Daniel J. Schreiber ("Schreiber"), both individually and by through the Schreiber Trust and his controlled entity companies described herein, benefitted from the money received in exchange for Plaintiff's promised investment. Mr. Schreiber resides in La Jolla, California. Upon information and belief, Defendant Schreiber is the trustee of the Schreiber Trust as discussed herein. Upon information and belief, Defendant Schreiber has and had an ownership

interest in Inner Assets, LLC as described herein.

9. Defendant Schreiber Living Trust DTD 02/08/1995 (the "Schreiber Trust") is a trust formed under the laws of the State of California. Schreiber Trust was the recipient of at least a portion of amount paid by Plaintiff in the amount of $700,000. By the money Plaintiff paid to the Schreiber Trust, Plaintiff became an income beneficiary of the Schreiber Trust as Plaintiff was entitled to a share of the revenue proceeds received by the Schreiber Trust in connection with the work contract with PG&E described herein. Upon information and belief, Defendant Schreiber possessed the power and authority, as trustee, to direct the assets and distributions of the Schreiber Trust.

### IV. GENERAL ALLEGATIONS

10. During the relevant time period asserted hereto, Plaintiff wired $700,000 to the Schreiber Trust, with a fraction to Schreiber's attorney at Schreiber's direction, in exchange for a promised share of revenue participation relating to the Cross Bore Program Sewer Camera Inspection Services Master Service Agreement between Innerline Engineering, Inc. and Pacific Gas and Electric Company, dated July 17, 2018, number C9426, as may be amended, and all work orders issued thereunder ("PG&E Contract").

11. Innerline Engineering, Inc. entered into the PG&E Contract to perform services related to video and other inspections. Innerline Engineering, Inc. would receive money from PG&E in exchange for these services performed.

12. In turn, Innerline Engineering, Inc. had a profit participation note in favor of Inner Assets, LLC. Under the profit participation note, Innerline Engineering, Inc., would provide 50% of such profits from the PG&E Contract to Inner Assets, LLC. Upon information and belief, during the relevant time period, Defendant Schreiber Trust owed and owns a 50% ownership interest in Inner Assets, LLC.

13. Defendant Schreiber promised Plaintiff, that by and through the Schreiber Trust, Plaintiff would receive a portion of the revenues that the Schreiber Trust received from Inner Assets, LLC from labor performed under the aforementioned PG&E Contract.

14. Based on Defendant Schreiber's representations and assurances regarding the validity of the promised investment, Plaintiff, at Defendant Schreiber's direction, wired a portion of its $700,000

payment to the Schreiber Trust account and a portion to Defendant Schreiber's attorney's trust account, with payment marked for the promised investment related to the PG&E Contract. These wire transactions took place on or about July 2019.

15. Defendant Schreiber provided assurances to Plaintiff that Plaintiff would receive a portion of the income stream from the PG&E Contract, specifically 18% of revenue stream Schreiber received from the revenue stream generated by the first work crew of the PG&E Contract, and that Plaintiff would begin to receive these payments during the 2019 calendar year.

16. Prior to the time that Plaintiff provided the entire payment of $700,000 for the promised investment, Plaintiff received written confirmation from Defendant Schreiber in the form of assurances that the funding Plaintiff provided would be used towards item(s) of the PG&E revenue stream to which Plaintiff is and was entitled to a proportional return. Defendant Schreiber also provided a timeline for anticipated returns beginning in the third quarter of 2019.

17. Defendant Schreiber made express representations to Plaintiff that Plaintiff would begin to receive funds in connection with its promised investment during the 2019 calendar year. Despite repeated requests by Plaintiff that Defendant Schreiber advise as to the status of distribution of such funds, Defendant Schreiber failed and refused to provide any information about the transaction the receipt of funds related to the PG&E Contract, nor on the status of any distribution(s) to Plaintiff.

18. To date, Defendant Schreiber, despite making false assurances to Plaintiff that Plaintiff would participate in the revenue stream of the PG&E Contact and that payment would begin to occur in the 2019 calendar year, has failed to make any distribution and/or payment to Plaintiff nor to advise status of Plaintiff's promised investment. Further, when Plaintiff requested immediate return of its outstanding $700,000.00 in principal, Defendant Schreiber ignored these requests. No substantive response has been received from Defendant Schreiber nor the Schreiber Trust.

## V. FIRST CAUSE OF ACTION
**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**(Against All Defendants)**

19. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs set forth above as if set forth herein.

20. During the relevant time period, Defendant Schreiber, acting individually and on behalf

Case 3:20-cv-00670-CAB-BGS   Document 1   Filed 04/07/20   PageID.6   Page 6 of 13

of the Schreiber Trust and other controlled entities, made false statements which he knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading.

21. Pursuant to its § 10(b) rulemaking authority, the SEC has adopted Rule 10b-5 which, in relevant part, provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud; (b) To make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or; (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

17 CFR § 240.10b-5.

22. Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 in that they:

(a) Employed devices, schemes and artifices to defraud;

(b) Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading;

(c) Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiff in connection with Plaintiff's purchase of the promised investment share of proceeds related to the PG&E Contract..

23. Defendant Schreiber acted with scienter in that he knew that the statement(s) issued were materially false and misleading, including when Plaintiff would receive returns on its promised investment, and knowingly and substantially participated, or acquiesced in the issuance of such statement(s) in primary violation of the securities laws.

24. The promised investment is considered the purchase and/or sale of a security because it

1  was falsely promised as an investment contract. *See SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946). An investment contract is a contract, transaction or scheme whereby (1) a person invests money (2) in a common enterprise, (3) is led to expect profits (4) produced by the efforts of others. *Id.*

25. Under the promised transaction, contract and/or scheme, Plaintiff in exchange for the $700,000 promised investment, was led to expect profits related to the PG&E Contract revenue stream. This revenue stream would be generated and produced solely by the efforts of others, as it was to be derived from the results of the PG&E Contract between PG&E and Innerline Engineering, Inc.

26. Further, a common enterprise between Plaintiff and Defendants existed in this case. Vertical commonality exists, as it relates to a common enterprise, where the profits of the investor are interwoven, and dependent upon, the profits of the investment promoter. *See SEC v. Glenn W. Turner Enterprises, Inc.*, 474 F.2d 476, 481-82 n.7 (9th Cir. 1973). Here, Defendants promised that Plaintiff would receive 18% of the 50% share that the Schreiber Trust received from Inner Assets, LLC. Therefore, Plaintiff's expected profits were inextricably linked, and dependent upon, success of the investment promoter(s), Schreiber and the Schreiber Trust. Therefore, Defendant Schreiber's false and misleading statements were made in connection with the purchase and/or sale of a security.

27. Had Plaintiff been aware that the misleading and/or false statement(s) were untrue, Plaintiff would not have proceeded with the course of providing funds in exchange for the promised investment.

28. As a result of the wrongful conduct alleged herein, Plaintiff has suffered damages and seeks restitution of monies paid with interest owing and due.

29. By reason of the foregoing, Defendant Schreiber, acting individually and by and through Defendant Schreiber Trust, has violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and is liable to Plaintiff for the substantial damages Plaintiff has suffered in connection with its promised investment during the relevant time period.

## VI. SECOND CAUSE OF ACTION
### Money Had and Received, Money Paid and Unjust Enrichment
### (Against All Defendants)

30. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs set forth above as if set forth herein.

31. As a the result of Defendants' false and deceptive statements, unfair, deceptive, untrue or misleading business practices and misrepresentations and in consideration thereof, during the relevant time period set forth above, Plaintiff paid money to and conferred a benefit upon Defendants, in the amount of $700,000, which monies were originally in Plaintiff's possession, in exchange for the promise that Plaintiff would share in revenues related to the PG&E Contract.

32. Defendants received, retained or appropriated these benefits under such circumstances that it would be inequitable and unjust to permit Defendants to retain such monies at the expense of Plaintiff. Defendants, as a result of such conduct, became indebted to Plaintiff for the sum paid to Defendants, as set forth in detail above, with interest thereon. No such return or sum has been paid to Plaintiff to date.

33. In fairness, all such monies, including all interest Defendants have earned on such monies while in wrongful possession thereof, should be disgorged by Defendants and paid to Plaintiff under principles of unjust enrichment. No violation of law or public policy would be promoted by such relief.

34. As a direct and proximate result of Defendants' conduct resulting in their unjust enrichment, Plaintiff suffered injury, and therefore seeks an order directing Defendants to return the amount that Plaintiff was improperly induced to pay to Defendants, plus interest thereon, as well as to impose a constructive trust over such monies.

35. Under California law, a constructive trust may be imposed on property as a remedy for things "wrongfully detain[ed]," Cal. Civ. Code §2223, or "gain[ed] by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act," *id.* §2224.

36. A constructive trust should be imposed against Defendants because the three elements for imposition of a constructive trust are met in this case: the existence of a res, the plaintiff's right to the res, and defendant's acquisition of the res by some wrongful act. *Kelleher v. Kelleher*, 2014 WL

94197 *8 (N.D. Cal. 2014). Imposition of a constructive trust is appropriate where retention of the property by another would constitute unjust enrichment. *Calistoga Civic Club v. City of Calistoga*, 143 Cal. App. 3d 111, 116 (1983).

37. Here, Plaintiff alleges that its $700,000 which Plaintiff transferred to Defendants Schreiber and Schreiber Trust in exchange for the promised revenue stream, is traceable, was acquired by misrepresentation, and, therefore an order directing Defendants to return the $700,000 is appropriate and warranted in this case. The return of the money Plaintiff paid in accordance with the promised investment is consistent with the principals of equity, as allowing Defendant Schreiber, Schreiber Trust and/or Defendant Schreiber's controlled entities to unlawfully retain Plaintiff's funds in light of their actions would constitute unjust enrichment.

### VII.   THIRD CAUSE OF ACTION
**Breach of Fiduciary Duty**
**(Against all Defendants)**

38. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs set forth above as if set forth herein.

39. The trustee has a duty under California law to keep beneficiaries reasonably informed of the trust and its administration. Cal. Probate Code § 16060. This duty is owed to those beneficiaries considered current income beneficiaries of the trust. Because Plaintiff, following providing funds related to its promised investment, became an expected income beneficiary of the trust, Plaintiff was owed a reasonable update as to the status of the trust and its administration.

40. On reasonable request by a beneficiary, the trustee shall report to the beneficiary by providing requested information to the beneficiary relating to the administration of the trust relevant to the beneficiary's interest. Cal Probate Code § 16061.

41. Under Section 16325 of the Uniform Principal and Income Act, an "income beneficiary" means a person who net income of a trust is or may be payable.

42. Plaintiff was an expected income beneficiary of the Schreiber Trust because Plaintiff was a person to whom a portion of the net income from the Trust, namely that related to the PG&E Contract, was to be payable.

43. Defendant Schreiber and Defendant Schreiber Trust owe and owed Plaintiff a fiduciary duty to distribute the proceeds of the trust accurately, and also to provide timely and accurate information regarding Plaintiff's promised investment and transactions owed to Plaintiff. Despite these duties owed, Plaintiff never received an accounting of how the money Plaintiff contributed for Plaintiff's promised investment had been used by the Schreiber Trust nor on the status of the funds related to the PG&E Contract of which Plaintiff was and is owed its share.

44. Defendant Schreiber in his individual capacity as trustee, failed to act as a reasonably diligent trustee would have acted under similar circumstances.

45. The conduct of Defendants Schreiber and Schreiber Trust was a substantial factor in causing Plaintiff's harm.

46. Defendant Schreiber, as trustee, owed fiduciary duties to the beneficiaries of the trust, to render timely accountings and preserve monies held. When Plaintiff, at Schreiber's direction, wired its payment for the promised investment to the Schreiber Trust, Plaintiff became an expected income beneficiary entitled to a share of the revenue stream received from the Schreiber Trust related to the revenue stream derived from the PG&E Contract. Therefore, Plaintiff was a beneficiary of the trust proceeds and was entitled to fiduciary responsibilities from the trustee of the Schreiber Trust, Defendant Schreiber.

47. Plaintiff repeatedly requested accountings and information on distributions affecting Plaintiff's rights to the Schreiber Trust proceeds related to the income stream from the PG&E Contract, which Plaintiff was not and has not been provided. Instead the Schreiber Trust has retained the money Plaintiff provided under the guise of a promised investment, without providing any information as to the status of the funding, nor the anticipated distribution schedule to Plaintiff.

48. As a result of Defendant Schreiber's breach of his fiduciary duties, Plaintiff seeks relief as outlined below, including but not limited to an Order mandating an accounting of the Trust.

### VIII.   FOURTH CAUSE OF ACTION
### (Fraud)
### (Against All Defendants)

49. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs set forth above as if set forth herein.

50. Defendant Schreiber, operating individually and by and through the Schreiber Trust, misrepresented to Plaintiff that Plaintiff's money would be invested in items of the PG&E contract to which Plaintiff was eligible for a proportional return, and that share of revenues payable to Plaintiff from the PG&E Contract would materialize and begin to be paid to Plaintiff before year-end 2019.

51. Defendant Schreiber knew at the time Defendant made these misrepresentations that Defendant would not treat Plaintiff's money as an investment which would be eligible for returns materializing in 2019, as evidenced by Defendant's failure to provide any distributions, to account to Plaintiff for Plaintiff's funds, nor to provide reasonable updates to Plaintiff as an investor.

52. Defendant's misrepresentations were material. Plaintiff would not have wired money in the form of a promised investment with Defendants Schreiber and the Schreiber Trust if Plaintiff had known that Plaintiff's share of revenues from the PG&E Contract would not begin to materialize and that it would not be paid any distributions on its promised investment.

53. Defendant Schreiber intended to induce Plaintiff to rely on its misrepresentations. Defendant Schreiber was seeking Plaintiff's promised investment and had reason to expect that Plaintiff would rely on the misrepresentations Defendant made to it.

54. Plaintiff reasonably relied upon the representations Defendant Schreiber made when it made the decision to submit its funds related to the promised investment to Defendant Schreiber through the Schreiber Trust.

55. Plaintiff was justified in relying on Defendant Schreiber's representations that Plaintiff would receive a share of revenues from the PG&E Contract in exchange for Plaintiff's promised investment because Schreiber and such entities as he operated and controlled were recipients of the existing contract in place with PG&E, and were in the best position to know the status of the existing PG&E Contract.

56. Defendant Schreiber did not perform his promise(s) to make payments owed relating to the PG&E revenue stream, and to date Plaintiff has not received any distribution related to its promised investment.

57. Plaintiff has been substantially harmed by Defendant Schreiber's misrepresentations because Plaintiff provided money for a promised investment that it would not otherwise have

provided, if not for Defendant Schreiber's false assurances.

58. Wherefore, Plaintiff prays for relief as set forth below.

### VIX.  FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)
### (Against All Defendants)

59. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs set forth above as if set forth herein.

60. Defendant Schreiber misrepresented to Plaintiff that Plaintiff would receive revenue participation in the PG&E Contract, and that such participation would begin to materialize during the 2019 calendar year. Significantly, Defendant Schreiber made representations that Plaintiff's money would be invested in items of the PG&E contract to which Plaintiff was eligible for a proportional return, and that share of revenues payable to Plaintiff from the PG&E Contract would materialize and begin to be paid to Plaintiff before year-end 2019.

61. In the alternative to paragraph 51 alleged above, Plaintiff alleges that Defendant Schreiber had no reasonable grounds to believe that these misrepresentations were true at the time they were made, evidenced by Defendant's failure to provide any distributions, to account to Plaintiff for Plaintiff's funds, nor to provide reasonable updates to Plaintiff as an investor.

62. Defendant intended to induce Plaintiff to rely on its misrepresentations.

63. Plaintiff was justified in relying upon Defendant Schreiber's representations because Schreiber and such entities as he operated and controlled were recipients of the existing contract in place with PG&E, and were in the best position to know the status of the existing PG&E Contract.

64. Plaintiff was substantially harmed by Defendant Schreiber's misrepresentations because Plaintiff paid money, by and through the Schreiber Trust, that it would not have otherwise paid if not for this representation regarding the validity and timeline for returns on Plaintiff's promised investment.

65. Wherefore, Plaintiff prays for relief as set forth below.

### X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Actual damages, statutory damages, and/or punitive damages, and such other relief as provided by the statutes cited herein;

B. An order directing Defendants to return the amount that Plaintiff paid to Defendants, plus interest thereon;

C. An order directing Defendants to impose a constructive trust over the amount that Plaintiff paid to Defendants, plus interest thereon;

D. An order requiring Defendants Schreiber and Schreiber Trust to conduct and provide an accounting of the Schreiber Trust;

E. An order awarding restitution and disgorgement of Defendants' revenues to Plaintiff;

F. An order awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein;

G. Attorneys' fees and costs of suit; and

H. Such other legal equitable relief as this Court deems necessary, just, equitable and proper.

THE MARKHAM LAW FIRM

Dated: April 7, 2020                By: /s/ David R. Markham
                                            David R. Markham
                                            Maggie Realin
                                            Lisa Brevard
                                            Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

THE MARKHAM LAW FIRM

Dated: April 7, 2020                By: /s/ David R. Markham
                                            David R. Markham
                                            Attorneys for Plaintiff